United States District Court
Middle District of Florida
Jacksonville Division

**CALEB GARNER,**

    *Plaintiff,*

v.                                                                               **NO. 3:17-CV-390-J-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

# Order

The Court reversed the denial of Caleb Garner's applications for benefits and remanded for further proceedings under 42 U.S.C. § 1383(c)(3) and sentence four of 42 U.S.C. § 405(g). Doc. 21. Without opposition, Garner requests $7477.12 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 23.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) he prevailed in a case against the United States, (2) his request is timely, (3) his net worth did not exceed $2 million when he filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §§ 2412(d)(1) & (2). An EAJA award is to the party, not his attorney, and subject to an offset to satisfy any preexisting debt the party owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made

within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing it had been substantially justified, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Garner prevailed because the Court ordered a sentence-four remand. Doc. 21. His November 19, 2018, motion, Doc. 23, is timely because he made it within 30 days of November 19, 2018—the date on which the Court's September 18, 2018, judgment, Doc. 22, became final. He represents that his net worth is less than $2 million, Doc. 23 ¶ 7, and the Court accepts that representation and finds from his affidavit of indigency submitted when he filed this case, Doc. 2, that his net worth did not exceed $2 million when he filed this case. His motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 23 ¶ 3, and the Commissioner has not attempted to satisfy her burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Garner is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides that an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since March 1996, when the amount was last amended] or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost-of-living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court itself is an expert on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)).

3

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Reasonable time spent preparing an EAJA fee motion is compensable. *Jean*, 496 U.S. at 157.

Garner is represented by Erik W. Berger, Esquire. Berger provides no affidavit on his experience or customary rate, but it is known in the legal community and reflected in his many appearances in hundreds of social-security cases that he specializes in social-security work and has done so for many years. Records of The Florida Bar indicate that he has been a member since 1997. *See* "Find a Lawyer" on www.floridabar.org.

Garner submits an "Itemization of Time" of Berger's work on his case. Doc. 23 at 5. Berger spent 37.3 hours working on the case in 2017 (most of it in June and August) and .8 hours in 2018 (in September and October), for a total of 38.1 hours. Doc. 23 at 5. Tasks included reviewing the record and rulings, corresponding with Garner, and preparing the brief in opposition to the Commissioner's decision. Doc. 23 at 5. The administrative record is 477 pages. Doc. 11.

Garner's $7477.12 request is based on the 38.1 hours worked by Berger multiplied by a rate of $196.25 (a rate based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the annual all urban consumers price index ("CPI") for April 2017 (the month he filed the complaint)). Doc. 23 ¶¶ 8–10.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation to Berger exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on

the increase in the cost of living for urban areas from March 1996 to when Berger performed his work. The $196.25 rate that Garner proposes for Berger's work (based on figures from April 2017) is appropriate (and slightly less than the $197.92 rate indexed to December 2017 and the $203.02 rate indexed to October 2018). On the reasonableness of the hours, none of the work by Berger appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 23 at 5. The number of hours is reasonable.

Using the requested number of hours and rate, attorney's fees of $7477.12 (38.1 x $196.25) are appropriate.

Because Garner is eligible and his requested attorney's fees are reasonable, the Court **grants** the motion for EAJA fees, Doc. 23; **awards** him **$7477.12** in attorney's fees; and **directs** the Clerk of Court to enter judgment in favor of Caleb Garner and against the Commissioner in the amount of **$7477.12**. The Court leaves to the Commissioner's discretion whether to accept Garner's assignment of EAJA fees to Berger after determining if Garner owes a federal debt. *See* Doc. 23-1.

**Entered** in Jacksonville, Florida, on November 26, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record